# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Darren L. McCoy,

    Petitioner

v.

Brian Williams, *et al.*,

    Respondents

Case No. 2:17-cv-01881-JAD-GWF

**ORDER**

[ECF Nos. 8, 12]

    Petitioner Darren Lamont McCoy brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2013 state-court conviction and non-capital sentence for robbery with the use of a deadly weapon.[1] On February 7, 2018, respondents filed a motion to dismiss the habeas petition in this case, arguing, among other things, that it is barred by the statute of limitations.[2] McCoy has not filed a response to that motion.

    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court.[3] The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review).[4] Statutory tolling of the one-year time

---

[1] ECF No. 7.
[2] ECF No. 12.
[3] 28 U.S.C. § 2244(d)(1).
[4] *Id.*

limit occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending.[5]

If a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).[6] In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."[7] And once a state post-conviction proceeding with a properly filed application has concluded, the statutory time period resumes running.

McCoy's judgment of conviction was entered in the state district court on May 9, 2013.[8] He timely appealed.[9] On July 23, 2014, the Nevada Supreme affirmed his conviction.[10] McCoy did not seek certiorari with the United States Supreme Court, so his conviction became final on October 22, 2014.[11]

On August 31, 2015, one year and eleven days after the Nevada Supreme Court issued its direct appeal remittitur, McCoy filed a state post-conviction habeas petition and a motion to withdraw guilty plea.[12] On March 23, 2017, the Court of Appeals of the State of Nevada ultimately affirmed the lower court dismissal of the petition on state law timeliness grounds.[13]

---

[5] 28 U.S.C. § 2244(d)(2).
[6] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).
[7] *Id*. at 414 (citation omitted).
[8] ECF No. 13-6.
[9] ECF No. 13-7.
[10] ECF No. 13-11.
[11] *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).
[12] ECF Nos. 13-13 and 13-14.
[13] ECF No. 13-22.

The Nevada Supreme Court issued a remittitur on April 19, 2017.[14] This court received McCoy's initial federal petition in this case on July 7, 2017.[15]

Because McCoy's state post-conviction proceeding was ruled untimely under state law, he is not entitled to statutory tolling for that proceeding, which means that his federal petition was filed well over a year after § 2244(d)'s deadline ran. And, even if McCoy were to be credited with statutory tolling for the state proceeding, his federal petition would have been due on or about June 10, 2017, several weeks before he submitted it to this court.

Having filed no response to respondents' motion to dismiss, McCoy has not established any grounds for statutory or equitable tolling that would render his petition timely. Accordingly, this proceeding will be dismissed with prejudice as untimely.[16]

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 12] is GRANTED;** the petition for writ of habeas corpus **[ECF No. 7] is DISMISSED with prejudice** as untimely. The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.** A certificate of appealability is denied because reasonable jurists would not find this resolution debatable.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel **[ECF No. 8] is DENIED** as moot.

Dated: August 23, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[14] ECF No. 13-23.

[15] ECF No. 7.

[16] *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").